NELSON MULLINS RILEY & SCARBOROUGH LLP
RYAN E. COSGROVE, State Bar No. 277907
ryan.cosgrove@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Defendant,
CROWN EQUIPMENT CORPORATION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE PIERCE,<br><br>*Plaintiff*,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., CROWN LIFT TRUCKS, CROWN EQUIPMENT CORPORATION; JEFFERY SEGUINE; and DOES 1 through 100, inclusive,<br><br>*Defendants*. | Case No.<br><br>**CROWN EQUIPMENT CORPORATION'S NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  August 9, 2023 |

TO THE CLERK OF THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Crown Equipment Corporation ("Crown") hereby removes the action entitled *Pierce v. Home Depot U.S.A., et al.*, Superior Court of California, County of Kern, Case Number BCV-23-102611, to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332, on the following grounds:

## I.  BACKGROUND

1. On or about August 9, 2023, this action was commenced in the Superior Court of California, County of Kern, entitled *Pierce v. Home Depot U.S.A., et al.*, Case Number BCV-23-102611.

2. The Complaint was served on Crown on or about September 15, 2023. A copy of the pleadings and the process served on Crown are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a). No other pleadings, process or orders have been served on Crown, other than those attached hereto as Exhibit A.

3. The Complaint asserts general negligence and negligent hiring, supervision, and retention claims against Crown and Crown Lift Trucks related to injuries sustained by Plaintiff Jeanette Pierce on or about April 27, 2023 while she was walking at a Home Depot facility and tripped on the forks of the forklift. *See* Complaint, Fourth Cause of Action.

4. Plaintiff also asserts a general negligence claim against Jeffery Seguine, who, as explained below, has been fraudulently joined as a Defendant in this matter. Mr. Seguine was a Field Service Manager for Crown at all relevant times. He had no involvement with any of the allegations asserted in Plaintiff's Complaint.

5. Crown does business in California as Crown Lift Trucks.

6. The Complaint alleges Plaintiff sustained severe injuries and Plaintiff seeks damages for general damages for pain, suffering, and inconvenience, and special damages for past and future medical expenses, loss of past earnings, and loss of future earning capacity. *See* Statement of Damages.

## II. BASIS OF REMOVAL

7. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interest and costs. Thus, this action could have originally been filed in this Court.

**A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).**

8. It is apparent from a review of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest. A

removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not clearly specified in the complaint, the Court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002)*; Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997*); accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

9. Although Crown denies any liability to Plaintiff, her allegations of injury and damages plainly place more than $75,000 in controversy. Therefore, analyzing the Complaint in a light most favorable to Plaintiff, while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiff exceeds $75,000, exclusive of interest and costs. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107-08 (9th Cir. 2010) ("even though the state court complaint does not specify an amount" it satisfied amount in controversy requirement by requesting damages for, among other things, wrongful death, loss of consortium, negligence and funeral, medical and burial expenses); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from the complaint that amount in controversy met where plaintiffs asserted strict products liability and negligence claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (holding that a "complaint obviously asserts a claim exceeding $75,000" where plaintiffs alleged serious medical complications from ingestion of a prescription drug); *Bailey v. J.B. Hunt Transp., Inc.*,

No. 06-240, 2997 WL 764286, at *6 (E.D. Pa. Mar. 8, 2007) (finding amount in controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments" and "the alleged permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037-38 (E.D. Mo. 2002) (despite plaintiffs' assertion that their total damages did not exceed $75,000, the court held that it was "facially apparent" that the amount in controversy was met where plaintiffs alleged that they "suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; [and] have permanent, progressive, and disabling injuries").

10. Moreover, Plaintiff seeks general damages for pain, suffering, and inconvenience in the amount of $500,000. *See* Statement of Damages.

11. Additionally, based on these allegations and counsel's familiarity and experience in litigating this type of case, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

**B.     Complete Diversity of Citizenship Exists Among the Parties.**

12. Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint. 28 U.S.C. §§ 1332, 1441.

13. Crown is informed and believes Plaintiff is a citizen of California for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. *See* Complaint.

14. Crown is a citizen of Ohio, as it is incorporated and has its principal place of business there. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). True and accurate copies of the Articles of

Incorporation of Crown Controls Company, Inc., filed with the office of the Secretary of State of Ohio on March 17, 1947, as well as the as-filed April 18, 1988 Certificate of Amended Articles of Incorporation, changing the name of Crown from Crown Controls Company, Inc. to Crown Equipment Corporation, are attached hereto as **Exhibits B** and **C**, respectively.

15. With regard to the Doe defendants named in the Complaint, they pose no impediment to removal in this case because Courts have consistently held that the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441 (b)(1); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir. 1989) (noting that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction").

16. Jeffery Seguine is a fraudulently joined Defendant. *See*, *infra*, II.C. His citizenship therefore must be disregarded by the Court. *Id*.

17. As Plaintiff is a citizen of California and Crown is a citizen of Ohio, there is complete diversity of citizenship between the properly joined parties to this lawsuit.

### C. Fraudulent Joinder

18. Plaintiff has named Jeffery Seguine, who resides and is domiciled in California, in an improper attempt to avoid federal diversity jurisdiction.

19. Mr. Seguine was a Field Service Manager for Crown at all relevant times to this action. *See* Declaration of Jeffery Seguine at ¶ 1; *also see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citation and marks omitted).

20. Plaintiff asserts a general negligence claim against Crown, Crown Lift Trucks, and Mr. Seguine alleging that they "negligently and carelessly performed said service work, repairs, maintenance and/or inspection of the relevant forklift" by, among other things, "failing to adequately warn customers of the work being performed" and "failing to put in place an adequate safety barrier or other device to

prevent customers from traversing the area and coming into contact with the forklift[.]" *See* Complaint, Fourth Cause of Action.

21. Mr. Seguine was not present at the Home Depot store on April 27, 2023. *See* Seguine Dec. at ¶ 3.

22. Mr. Seguine has never performed any service, maintenance or repairs on the Crown RC5540-40, Serial No. 1A549352 that was allegedly involved in the incident. *See* Seguine Dec. at ¶ 4.

23. Mr. Seguine was not involved with the manufacture, distribution, or sale of the Crown RC5540-40, Serial No. 1A549352 that was allegedly involved in the incident. *See* Seguine Dec. at ¶ 5.

24. Mr. Seguine has never met or interacted with Jeanette Pierce in any manner. *See* Seguine Dec. at ¶ 6.

25. There is no viable possibility that Plaintiff can establish her cause of action against Mr. Seguine, as she cannot show that Mr. Seguine owed any duty to Plaintiff or that Mr. Seguine breached any purported duty owed. *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 745 (1st Dist. 2007) (internal citations omitted) ("To establish negligence, the evidence must show the alleged wrongdoer owed some duty of care to the person injured.").

26. Because Plaintiff cannot establish a cause of action against Mr. Seguine, Mr. Seguine is a fraudulently joined Defendant. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.").

27. Accordingly, this Court should disregard Mr. Seguine's citizenship for the purposes of determining whether diversity jurisdiction exists. *Id.* ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.").

### III. COMPLIANCE WITH REMOVAL STATUTES

#### A. Proper Venue

23. The United States District Court for the Eastern District of California encompasses Kern County, the county in which the Plaintiff filed the state court action and where the accident occurred. *See* Complaint. Therefore, this case is properly removed to this Court under 18 U.S.C. § 1441(a).

#### B. Timeliness of Removal

24. Crown was served with a copy of the Complaint on or about September 15, 2023.

25. This Notice of Removal was filed within 30 days after service of the Complaint on Crown, and is therefore timely under the provisions of 28 U.S.C. § 1446(b). No previous application has been made for the relief requested herein.

#### C. Notice

26. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk for the Superior Court of the State of California for the County of Kern.

#### D. Consent

27. Home Depot U.S.A. has consented to the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(b)(2)(A).

### IV. NON-WAIVER OF DEFENSES

29. In removing this case to federal court, Crown has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in Crown's Answer, Crown has not admitted to any of the allegations set forth in the Complaint. Crown expressly reserves the right to assert all available defenses to each allegation in the Complaint.

### V. DEMAND FOR JURY TRIAL

30. Crown demands trial by jury on all issues appropriate for jury

determination.

## VI.   CONCLUSION AND PRAYER

As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Accordingly, Crown respectfully requests that this lawsuit be removed to the United States District Court for the Eastern District of California.

DATED:  October 16, 2023         NELSON MULLINS RILEY &
                                 SCARBOROUGH LLP


                         By:      /s/ *Ryan E. Cosgrove*
                                 RYAN E. COSGROVE
                                 Attorneys for Defendant
                                 CROWN EQUIPMENT CORPORATION

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502. On the date set forth below, I served the within document:

**CROWN EQUIPMENT CORPORATION'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**

☒ ELECTRONIC - by transmitting via email the document(s) listed above to the email address(es) set forth on the attached service list on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UPS.

| | |
|---|---|
| Matthew C. Clark, Esq.<br>Chain Cohn Clark<br>1731 Chester Avenue<br>Bakersfield, CA  93301<br>Phone:  661.323.4000<br>Fax:  661.324.1352<br>Email: mclark@chainlaw.com<br>        service@chainlaw.com | Attorneys for Plaintiff<br>JEANETTE PIERCE |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **October 16, 2023**, at San Jose, California.

_____
Judy Carter